UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REEVES, #135679,

    Petitioner,

Civil No: 2:08-CV-13412
Honorable George Caram Steeh
Magistrate Judge Donald A. Scheer

v.

BLAINE LAFLER,

    Respondent.
_____/

**OPINION & ORDER: DENYING MOTION TO APPOINT COUNSEL [dkt. #6]; DENYING MOTION FOR APPOINTMENT OF AN INVESTIGATOR [dkt. #7]; DENYING MOTION FOR IMMEDIATE RELEASE FROM CUSTODY [dkt. #8]; GRANTING MOTION TO AMEND PETITION [dkt. # 9]; DENYING REQUEST FOR ORAL ARGUMENT [no dkt. #]; DENYING MOTION FOR SUMMARY JUDGMENT [dkt. # 10]; DENYING MOTION FOR EVIDENTIARY HEARING [dkt. # 11]; AND DENYING MOTION FOR DISCOVERY UNDER RULE 6 [dkt. # 12];**

Petitioner has filed this habeas petition pursuant to 28 U.S.C. §2254 raising issues of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. He was convicted of prohibited use of the internet or a computer system (child sexually abusive activity or material). Petitioner was sentenced to six years, six months to twenty years.

Petitioner has filed several motions, none of which have been answered by Respondent, and the Court's findings are detailed below.

**I. Discussion**

    **A. Motion for Appointment of Counsel**

A habeas petitioner may obtain legal representation at any stage of the case "[w]henever the U.S. magistrate or the court determines that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). The appointment of counsel for a habeas petitioner is within the discretion of the court. *Thirkield v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002).

Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Murray v. Giarratano*, 492 U.S. 1 (1989); see also, *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993). The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases. In *Lavado*, the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (internal quotation and citations omitted). Such exceptional circumstances exist where a prisoner acting *pro se* has made a colorable claim, but lacks the means to adequately investigate, prepare or present it. *Maclin v. Freake,* 650 F.2d 885, 887 (7th Cir. 1981). In determining whether exceptional circumstances exist, courts often look to the "type of case and abilities of the plaintiff to represent himself." *Lavado v. Keohane,* 992 F.2d at 606. Those considerations "generally involve a determination of the complexity of the factual legal issues involved." *Id.*

Appointment of counsel is not appropriate where a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim. *Id.* Although, the Court does

not find Petitioner's claims to be frivolous, Petitioner has failed to show that exceptional circumstances exist which would warrant the appointment of counsel.

Petitioner's justification for seeking appointed counsel is that he is indigent and he is not knowledgeable enough about the law to represent himself in these habeas proceedings. However, Petitioner fails to articulate why the above stated issues raised in his case are so difficult that an attorney is required to bring the matter to resolution.

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, however, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Should the Court find after reviewing this matter in more detail that an attorney should be appointed, it will reconsider its decision and appoint counsel at a future time if a hearing is necessary or if other circumstances warrant. No additional motions need to be filed regarding this issue. Petitioner's motion is denied without prejudice.

### B. Motion for Appointment of an Investigator

Petitioner contends that since he was convicted of a computer related crime that he needs an investigator so that he can retrieve information from his hard drive and obtain evidence which is favorable to him in these habeas proceedings. Habeas petitioners have no constitutional right to the appointment of an investigator, see *Smith v. Anderson,* 104 F.Supp2d 773, 819 (S.D. Ohio 2000), and such an appointment is within the court's discretion. See e.g., *United States ex. rel. Marcelin v. Mancusi,* 462 F2d 36, 46 (2d. Cir. 1972) (upholding district court's refusal to appoint an investigator at government expense in habeas proceeding.)

It is very early in these proceedings in that Respondent's answer and Rule 5

materials are not yet due for filing with the Court. The Court will consider Petitioner's request upon further review of this case and will take appropriate action should the Court determine that the appointment of an investigator is warranted. Petitioner need not file any additional motions regarding this issue. Because Petitioner has not shown that an investigator is necessary at this time, his motion is denied without prejudice.

### C. Motion for Bond

Petitioner claims that the Court gave Respondent too much time for responding to his habeas petition. Therefore, Petitioner requests that he be released from prison pending the resolution of this matter. In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a "substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993); *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir.1990). There will be few occasions where a habeas petitioner meets this standard. *Dotson,* 900 F.2d at 79. Federal district courts may grant bail when granting a writ of habeas corpus. *Sizemore v. District Court,* 735 F.2d 204, 208 (6th Cir. 1984). By implication the court should not grant bail under other circumstances. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee,* 989 F.2d at 871.

Petitioner has not shown any of the requirements for receiving bond which would warrant his release pending the review of this matter. His motion is therefore denied.

### D. Motion to Amend Petition

Petitioner requests that his petition be amended by supplementing his original pleading with additional facts, argument and case law. He does not seek to add new claims or parties.

A party may amend his pleading "once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ P. 15(a)(2). After filing his amendment motion, Petitioner filed an amended memorandum on January 5, 2009 [dkt. #14]. Respondent has not filed its answer to the habeas petition to date and it is not due for filing until February 27, 2009. Therefore, Petitioner may amend his habeas petition as a matter of course, and his motion is granted.

### E. Request for Oral Argument

Within Petitioner's amended memorandum, he requests oral argument stating that "the issues regarding errant scoring of the guidelines and assessment of costs and fees is of fundamental importance to the jurisprudence of this State . . . " Am. Memo. at pg. 23. Although, typically courts do not grant oral argument to individuals who are in custody, the Court has discretion to do so. See E.D. Mich. L.R. 7.1(e)(1). Respondent's answer, and Rule 5 materials have not yet been filed with the Court, nor are they due yet for filing. Therefore, until the Court reviews the pleadings and the Rule 5 materials, the it is unable to determine whether oral argument is necessary or required. See Fed. R. App. P. 34(a)(2)(C). However, Petitioner's motion will be reconsidered if following the Court's review of the full record, it determines that oral argument is required. No additional motions need to be filed regarding this issue. The motion is denied without prejudice.

**F.  Motion for Summary Judgment**

Petitioner asserts that he is serving an illegal sentence, that he desires to withdraw from his plea agreement, and requests that the criminal case be dismissed.  It is not the role of this Court to summarily vacate plea agreements and dismiss state criminal cases.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state court decisions.  Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

The Court cannot engage in its analysis without reviewing the Rule 5 materials or the responsive pleadings.  Since those materials are not before the Court for review, Petitioner's motion is premature and must be denied.

**G.  Motion for Evidentiary Hearing**

Petitioner requests an evidentiary hearing in order to seek "the truth" regarding the data in his computer.  In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. §2254 (evidentiary hearing required only where facts necessary to determination are outside the record); and (2) whether a hearing is permitted under 28 U.S.C. §2254(e)(2).

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which if true would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by §2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan,* __ U.S. ___, 127 S.Ct. 1933, 1940 (2007). In *Williams v. Taylor*, 529 U.S. 420 (2000), the Supreme Court found that the threshold determination under § 2254(e)(2) is whether the petitioner "failed to develop the factual basis" of his claim in state court proceedings. The Court reasoned:

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.

*Williams v. Taylor*, 529 U.S. at 437. The Court further stated that diligence "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

The Rule 5 materials have not been filed with the Court to date. Until the Court reviews the pleadings and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this time require the Court to deny Petitioner's motion without prejudice. However, Petitioner's motion will be reconsidered if following the Court's review of the full record, it determines that an evidentiary hearing is required. No additional motions need to be filed regarding

this issue. The motion is denied without prejudice.

### H. Motion for Discovery Under Rule 6

Petitioner seeks discovery of: (1) "records and documents that were withheld from [his] discovery in May 2007" in violation of *Brady v. Maryland,* 373 U.S. 85 (1963); (2) copies of all telephone calls that "Niki" made to his home; (3) from 2007, copies of all e-mail, instant messages, pictures, and profile pages from his HP lap top computer; (4) booking records, arrest warrant statements and criminal complaints; (5) copy of the search warrant and affidavit regarding the seizure of his car and the search of his home ; (6) any information about "Mr. Holmes;" (7) copies of all transcripts for case number 07-215044-FH; and (8) copies of all persons to whom the Attorney General's Office gave information.

A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.§ 2254. To establish "good cause" for discovery, a habeas petitioner himself may establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *Bracy,* 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. See *Stanford v. Parker,* 255 F.3d. 442, 460 (6th Cir. 2001). Any requested discovery must be "relevant and appropriately narrow." Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.§ 2254.

Although Petitioner identifies several of the documents he is seeking, his request is not sufficiently narrow nor is some of the requested documentation particularly relevant. Because Petitioner's discovery request is so broad, despite any proposed relevance the materials may have to this case, it is not in compliance with Rule 6. The Court has not had an opportunity to review the record in order to determine whether the requested documents are already a part of the Rule 5 materials or to determine whether the additional discovery is necessary. Should the Court review the record and find that the requested materials are relevant and necessary for a substantive review of the case, the Court will reconsider its decision. No additional motions need to be filed regarding this issue. Petitioner's motion is denied without prejudice.

II. Conclusion

Accordingly,

IT IS ORDERED that the Petitioner's "Motion for Appointment of Counsel" [Dkt. #6] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's "Motion for Appointment of Investigator" [Dkt. #7] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's "Motion for Immediate Release from Custody" [Dkt. #8] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Amend Petition for Writ of Habeas Corpus" [Dkt. #9] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's request for oral argument is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's "Motion for Summary Judgment" [Dkt. #10] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Evidentiary Hearing" [Dkt. #11] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's "Motion for Discovery Under Rule 6" [Dkt. #12] is DENIED WITHOUT PREJUDICE.

Dated:  February 20, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 20, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk