UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REEVES, #135679,

       Petitioner,

v.

       CASE NO. 2:08-CV-13412
       HONORABLE GEORGE CARAM STEEH

BLAINE LAFLER,

       Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING MOTION FOR EVIDENTIARY HEARING AND DISCOVERY,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Robert Reeves ("Petitioner") pleaded guilty to child sexually abusive material or activity, Mich. Comp. Laws § 750.145c(2), and using the computer/internet to commit a crime, Mich. Comp. Laws § 750.145d(2)(f), in the Oakland County Circuit Court and was sentenced to concurrent terms of six years six months to 20 years imprisonment in 2007. In his petition, he raises claims concerning the non-disclosure of evidence and the effectiveness of trial and appellate counsel. Respondent has filed an answer to the petition asserting that it should be dismissed because Petitioner has not properly exhausted all of his claims in the state courts. Petitioner has filed a reply to that answer, as well as a motion for evidentiary hearing and discovery. For the reasons stated, the Court dismisses without prejudice the petition for writ of habeas corpus and denies the motion for evidentiary hearing and

1

discovery. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner's convictions arise from his sexually explicit internet contact with an undercover officer posing as a 14-year-old girl between August, 2006 and April, 2007. Petitioner was arrested when he arrived to meet the "girl" at a pre-arranged location.

Following his convictions and sentencing, Petitioner, through counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that he was denied the effective assistance of counsel at sentencing because counsel failed to object to the scoring of prior record variable 1 ("PRV 1") of the Michigan sentencing guidelines. The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Reeves*, No. 283236 (Mich. Ct. App. Feb. 29, 2008) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, as well as claims that the non-disclosure of his laptop deprived him of due process and that appellate counsel was ineffective for failing to file a claim of appeal and having to file a delayed application for leave to appeal. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Reeves*, 481 Mich. 915, 750 N.W.2d 214 (June 23, 2008).

Petitioner dated his federal habeas petition on July 25, 2008. He raises the following claims:

I.      The non-disclosure of his laptop deprived him of his due process right to a fair trial and amounts to ineffective assistance of counsel.

II.     He was deprived of the effective assistance of counsel at sentencing for the failure of counsel to object to the scoring of the sentencing guidelines, specifically PRV 1, PRV2.

III.    Ineffective assistance of appellate counsel.

Respondent has filed an answer to the petition contending that it should be dismissed on exhaustion grounds. Petitioner has filed a reply to that answer, as well as a motion for evidentiary hearing and discovery.

## III. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Furthermore, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, the record reflects that Petitioner has not fully exhausted all of his habeas claims in the state courts. Petitioner did not raise his due process claim concerning the non-disclosure of

3

the laptop evidence or his ineffective assistance of appellate counsel claim in the Michigan Court of Appeals and first raised those claims in the Michigan Supreme Court. Raising a claim for the first time before the Michigan Supreme Court on discretionary review does not amount to a "fair presentation" of the claim in the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Additionally, Petitioner did not present his ineffective assistance of counsel claims concerning the laptop or the scoring of PRV 2 to the Michigan courts at all and first raised those specific claims before this Court. Petitioner has thus failed to properly exhaust his first and third habeas claims and part of his second habeas claim in the state courts before seeking federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, *i.e.* one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. Although the exhaustion requirement is not a jurisdictional prerequisite for bringing a habeas action, it is strictly enforced. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). An unexhausted claim may be addressed, however, if pursuit of state court remedies would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return

4

to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277.

Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue those claims in the state appellate courts as necessary.

Additionally, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about September 23, 2008 in Petitioner's case. Petitioner instituted this action in July, 2008 before the one-year period began. While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The one-year period will also be tolled during the time in which any properly filed state post-conviction or collateral action is pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that the full one-year period remains,

Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Although Petitioner has not engaged in dilatory tactics, he has not shown good cause for failing to fully exhaust all of his claims in the state courts before proceeding in federal court on habeas review. At least some of his unexhausted claims concern matters of federal law which do not appear to be "plainly meritless" on the face of the petition. Those claims should therefore be addressed to, and considered by, the state courts in the first instance. A stay is unwarranted and dismissal of the petition is appropriate.

**IV.     Conclusion**

For the reasons stated, the Court concludes that Petitioner has filed a "mixed" petition, that he must exhaust all of his claims in the state courts before proceeding on federal habeas review, and that a stay is unnecessary. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's motion for evidentiary hearing or discovery. Should Petitioner wish to forego his unexhausted claims and to proceed only on his fully exhausted claim (regarding counsel's failure to object to the scoring of PRV 1), he may move to re-open this case on an amended petition within **30 DAYS** of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find

it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

Dated: August 5, 2010

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 5, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk